**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-21484-BLOOM**

VIKTOR KALABA,

      Petitioner,

v.

FIELD OFFICE DIRECTOR, Miami Field Office,
U.S. Immigration and Customs Enforcement,

      Respondent.

_____/

## ORDER ON PETITION FOR HABEAS CORPUS

**THIS CAUSE** is before the Court upon Petitioner Viktor Kalaba's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241. ECF No. [1]. After the Court issued an Order to Show Cause, ECF No. [10], Respondent filed a Response, ECF No. [11]. Petitioner filed a Reply. ECF No. [14]. The Court has considered the Petition, the Response, Reply, the record in the case, and is fully advised. For the reasons set forth below, the Petition is granted.

### I.   BACKGROUND

Petitioner is a native of the former Yugoslavia. ECF No. [1] ¶ 11. He first entered the United States in November 1965. *Id.* ¶ 12. In 1967, Petitioner's status was adjusted to that of a lawful permanent resident. ECF No. [11-1] at 3.

In July 1990, Petitioner was convicted of driving under the influence. *Id.* at 2. In March 1996, Petitioner was convicted of fraud – illegal use of credit cards and possession of stolen property. *Id.* In May 2000, Petitioner was convicted of driving under the influence. *Id.* In May 2006, Petitioner was convicted of driving under the influence. In June 2006, Petitioner was convicted of conspiracy to commit access device fraud and access device fraud. *Id.* He was

sentenced to 46 months of imprisonment. *Id.*

In March 2008, the Department of Homeland Security ("DHS") initiated removal proceedings pursuant to 8 U.S.C.§ 1229(a). ECF No. [1] ¶ 15. In November 2009, Petitioner was ordered removed by an immigration judge to Serbia, Montenegro, Kosovo, or, in the alternative, Albania. *Id.* ¶ 16; *see also* ECF No. [11-2]. Petitioner appealed the removal order but withdrew the appeal request in January 2010, rendering the initial removal decision final. ECF No. [1] ¶¶ 17, 18. The order of removal was executed in May 2010, and Petitioner was removed from the United States to Kosovo. *Id.* ¶ 20. Between November 2009 and May 2010 (185 days), Petitioner was in DHS custody. *Id.* ¶ 21.

In 2021, Petitioner illegally re-entered the United States by crossing the Canadian border into New York without being admitted, inspected, or paroled. *Id.* ¶ 22; *see also* ECF No. [11-1] at 4. In August 2022, Petitioner was arrested in Palm Beach County, Florida for driving under the influence and no valid driver's license. ECF No. [1] ¶¶ 23. He was later indicted for illegal re-entry after removal. *Id.* ¶ 25. In October 2022, Petitioner entered a plea of guilty to the driving under the influence charge. *Id.* ¶ 26. In December 2022, Petitioner was convicted of illegal re-entry after removal. ECF No. [11] at 2. He was sentenced to 18 months imprisonment. ECF No. [1] ¶ 27.

In October or November 2023, Petitioner was taken into Immigration and Customs Enforcement ("ICE") custody. *Id.* ¶ 29; ECF No. [11-9]. In December 2023, after 66 days of detention, Petitioner was released from ICE custody on an Order of Supervision ("OSUP"). ECF No. [1] ¶¶ 30, 31.

In August 2025, during a routine check-in at DHS's Miramar office pursuant to the conditions of the OSUP, Petitioner was detained. *Id.* ¶ 32. ICE provided Petitioner with a Notice

of Revocation that day, informing Petitioner that his OSUP was revoked. ECF No. [11-4]. Petitioner was transferred to Krome North Service Processing Center, where he is currently housed. ECF No. [1] ¶ 34.

In October 2025, Petitioner was provided notice that his custody status would be reviewed, including a notice of an interview. ECF Nos. [11-5], [11-7]. In January 2026, ICE notified Petitioner of its decision to continue detaining him based on Petitioner posing a threat to the public and there being no other humanitarian, medical, or custodial issues in his case. ECF No. [11-6]. That decision further explained that if Petitioner was not released or removed within three months, there would be another custody review and determination and that such review would be assisted by a personal interview with Petitioner. *Id*. In late January 2026, ICE conducted Petitioner's personal interview. ECF No. [11-8] ¶ 28.

During Petitioner's detention, ICE has sought to effectuate Petitioner's removal to Kosovo; however, Kosovo has declined to accept Petitioner. *Id.* ¶ 29. ICE also submitted a travel document request to Albania, which remains pending. *Id.* ¶ 30; ECF No. [20] at 2. In a status report filed at the Court's direction, Respondent indicates that Serbia and Montenegro have also denied requests for travel documents. ECF No. [20] at 2.

In March 2026, Petitioner filed the instant Petition, arguing that his detention is illegal for three reasons: (1) consistent with *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001), his removal in the reasonably foreseeable future is not likely (Count I); (2) immigration officials did not comply with their regulatory review process obligations (Count II); and (3) and his detention violates 8 C.F.R. § 241.13 and due process (Count III). ECF No. [1]. Respondent argues that the Court lacks jurisdiction to adjudicate the Petition. ECF No. [11] at 3–5. Moreover, Petitioner cannot establish that removal is not likely to occur, the revocation of Petitioner's OSUP comports with applicable

regulations and the Constitution, and ICE complied with the Post-Order Custody Regulations ("PCOR") to arrest Petitioner. *Id.* at 5–10. Petitioner replies by clarifying that he seeks "release from indefinite, unauthorized civil detention," not a bar on enforcement of a removal order. ECF No. [14] at 2. Moreover, Petitioner argues that the Court has jurisdiction, he has demonstrated that removal is not likely to occur, Respondent has not complied with the OSUP revocation procedures, and Respondent's supporting Declaration contains material inaccuracies.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(a), district courts have the authority to grant writs of habeas corpus. Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration detention. *See Zadvydas*, 533 U.S. at 687.

## III.   DISCUSSION

### A.  Jurisdiction

The Court cannot grant habeas relief if it lacks subject matter jurisdiction over the Petition in the first place; as such, the Court is obliged to consider its own jurisdiction. *See Belleri v. United States*, 712 F.3d 543, 547 (11th Cir. 2013) ("In the federal tandem, jurisdiction takes precedence over the merits. Unless and until jurisdiction is found, both appellate and trial courts should eschew substantive adjudication." (alterations added and citations omitted)). "Once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Petitioner brings this case under 28 U.S.C. § 2241, the primary federal habeas statute, which authorizes federal courts to hear "statutory and constitutional challenges to post-removal-

4

period detention." *Zadvydas*, 533 U.S. at 688; *see* ECF No. [1] ¶ 5. Respondent, however, argues that 8 U.S.C. § 1252(g) applies to bar review of Petitioner's claims. ECF No. [11] at 4. Specifically, Respondent argues that under § 1252(g), the Court cannot "interfere with ICE's execution of removal orders." *Id.* at 5.

Petitioner replies that because he does not challenge the Government's discretionary decision to execute a removal order, review of his claims is not barred. ECF No. [14] at 2. He merely challenges "(1) the constitutional limits on the duration of post-removal-period detention under § 1231(a)(6), and (2) Respondent's compliance with its own binding regulations governing the revocation of an Order of Supervision." *Id*.

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). The Supreme Court has explained that § 1252(g) is a "discretion-protecting provision" intended to prevent the "deconstruction, fragmentation, and hence prolongation of removal proceedings." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 487 (1999) ("AAADC").

The Supreme Court has carefully defined the jurisdiction-stripping contours of § 1252(g). It points out that § 1252(g) is "narrow" and does not cover "all claims arising from deportation proceedings" or impose "a general jurisdictional limitation." *AAADC*, 525 U.S. at 482, 487. Instead, it bars review of "just three 'discrete actions': actions to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Camarena v. Dir., Immigr. & Customs Enf't*, 988 F.3d 1268, 1272 (11th Cir. 2021) (quoting *AAADC*, 525 U.S. at 482). "[A]lthough 'many other decisions or actions' may be 'part of the deportation process,' only claims that arise from one of

the covered actions are excluded from [a court's] review (at least by this provision)." *Id.* (quoting

*AAADC*, 525 U.S. at 482).

This "arise from" language is construed similarly narrowly. It does not "sweep in any claim that can technically be said to 'arise from' the three listed actions[;]" instead, the statute "refer[s] to just those three specific actions themselves." *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018). Thus, to determine whether a claim "arise[s] from" one of the covered actions, "courts must focus on the action being challenged," *Canal A Media Holding, LLC v. U.S. Citizenship & Immigr. Servs.*, 964 F.3d 1250, 1258 (11th Cir. 2020), and assess whether one of the three actions listed in § 1252(g) forms the "basis of the claim," *Gupta v. McGahey*, 709 F.3d 1062, 1065 (11th Cir. 2013) *suggestion for reh'g en banc denied*, 737 F.3d 694 (2013), *cert. denied*, 34 S.Ct. 2840 (2014).

So, for instance, a noncitizen who seeks a stay of a removal order "runs headlong into § 1252(g)" regardless of how he frames the claim because, fundamentally, the action being challenged is the decision to "execute" a removal order. *Camarena*, 988 F.3d at 1273. By contrast, a noncitizen who challenges the "underlying legal bases for [] discretionary decisions and actions," *Madu v. U.S. Atty. Gen.*, 470 F.3d 1362, 1368 (11th Cir. 2006), or who challenges the length of his post-removal-order detention, *Zadvydas*, 533 U.S. at 688, does not face a jurisdictional barrier.

Here, Petitioner does not challenge the decision to execute his removal, the Government's general authority to deport or detain him, or any action arising from the "execution" of a removal order. Instead, he challenges the length of his detention and ICE's compliance with its own statutory requirements in revoking his OSUP and reviewing his detention. *See generally* ECF No. [1]. These are plainly permissible challenges. The Court therefore has jurisdiction to adjudicate the Petition and turns to the merits.

## B. Likelihood of Removal in the Reasonably Foreseeable Future

In Count I, Petitioner argues that there is no significant likelihood that he will be removed

to Yugoslavia (or any other location) in the reasonably foreseeable future, and as such, his detention is unlawful. ECF No. [1] ¶¶ 1, 118. Specifically, he argues that "[w]here multiple countries have refused to issue travel documents and the Government cannot identify any country willing to accept a detainee," indefinite detention becomes unjustified. *Id.* ¶ 104.

Respondent argues that Petitioner has not met his burden of showing that removal is not reasonably foreseeable. ECF No. [11] at 5. This is because he has offered only "conclusory assertions" rather than "actual proof or evidence." *Id.* at 6. By contrast, Respondent shows that "ICE has and continues to make diligent efforts to effectuate Petitioner's removal." *Id.*

Petitioner replies that the countries identified in the removal order have refused to accept Petitioner. ECF No. [14] at 4. Kosovo has declined to accept Petitioner, Serbia has affirmatively denied Petitioner's travel request in October 2025, and Albania has not accepted Petitioner, as Respondent admits the request merely remains pending, and Petitioner alleges that it was denied. *Id.* at 4–5.

"After the entry of a final order of removal against a noncitizen, the Government generally must secure the noncitizen's removal during a 90-day removal period." *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 578 (2022) (quoting 8 U.S.C. § 1231(a)(1)(A)). Once that "removal period expires, the Government 'may' detain only four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal.' " *Id.* at 578–79 (quoting 8 U.S.C. § 1231(a)(6)).

But "Section 1231(a)(6) does not expressly specify how long detention past the 90-day removal period may continue for those who fall within the four designated statutory categories." *Id.* at 579. And "indefinite detention" raises "serious constitutional concerns." *Zadvydas*, 533 U.S.

at 682. As a result, the Supreme Court has "construe[d] the statute to contain an implicit 'reasonable time' limitation" of six months, "the application of which is subject to federal-court review." *Id*. "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months." *Id.* at 701. "To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. But "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*.

So, "in order to state a claim under *Zadvydas*, the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). Importantly, if the petitioner provides such evidence, the burden shifts to the Government to provide evidence sufficient to rebut that showing. *Id.* (quoting Zadvydas, 533 U.S. at 701).

As of the filing of the Petition, Petitioner had been subjected to 203 days of detention, ECF No. [1] ¶ 35, which is well beyond the presumptively reasonable period contemplated by *Zadvydas*. He has been detained for nearly 10 months. Thus, the Court turns to the question of whether Petitioner has shown that removal is likely within the reasonably foreseeable future.

In Petitioner's removal order, the Immigration Judge indicated that Petitioner should be removed to Serbia, Montenegro, or Kosovo or, in the alternative, Albania. ECF No. [11-3]. Serbia, Montenegro, and Kosovo have all denied requests for travel documents for Petitioner. ECF No. [11-8] ¶ 29; ECF No. [20] at 2. The request to Albania remains pending and has been pending for approximately six months, with no indication on the record of when a decision might be made.

ECF No. [20] at 2.

Under these circumstances, the Court finds Petitioner has shown that his removal is not likely in the reasonably foreseeable future, and the Government has not met its burden of rebutting that showing. The Government has had years to remove Petitioner and has been unable to, despite what appear to be diligent efforts. Multiple countries have declined to accept Petitioner, and a single pending request that has remained unadjudicated for six months does not act as an effective counterweight. *See Abublakan v. Warden, Alligator Alcatraz*, No. 2:26-CV-00808-SPC-NPM, 2026 WL 962214, at *2 (M.D. Fla. Apr. 9, 2026) (finding that one pending removal request does not offset denials from multiple countries).

Respondent offers little to assuage the Court's concern that removal is not likely in the reasonably foreseeable future. It points to a pending request with Albania, but courts regularly find no likelihood of removal even where requests are pending. *Huynh v. Warden, Baker Corr. Inst.*, No. 3:25-CV-1536-WWB-MCR, 2026 WL 513542, at *3 (M.D. Fla. Feb. 25, 2026) (holding that a single travel request that had been pending for six months did not give rise to the conclusion that removal was reasonably foreseeable); *Drummond v. Lynch*, No. 4:15CV560-RH/CAS, 2016 WL 4154925, at *4 (N.D. Fla. June 27, 2016), *report and recommendation adopted*, No. 4:15CV560-RH/CAS, 2016 WL 4157348 (N.D. Fla. Aug. 4, 2016) (finding that a pending travel request did not give rise to a conclusion that removal was reasonably foreseeable); *Haghnejad v. Rhoden*, No. 3:26-CV-1-MMH-PDB, 2026 WL 496774, at *3 (M.D. Fla. Feb. 23, 2026) (same); *Francois v. Mullin*, No. 3:26-CV-458-MMH-SJH, 2026 WL 1194612, at *3 (M.D. Fla. May 1, 2026) (same). Here, where the request—made to a country with which Petitioner has no clear relationship—has been pending for six months, Petitioner has been detained for nearly 10 months, and three similar travel document requests have been denied, the Court finds that removal is not reasonably

9

foreseeable.

Regarding Petitioner's Opposed Motion for an Evidentiary Hearing, ECF No. [19], the Court finds that the request is mooted by the grant of the Petition.

Because the Court grants relief on Petitioner's *Zadvydas* claim, the Court need not address his other claims. *See Banks v. Dretke*, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative"); *see, e.g., Pena-Gil v. Lyons*, No. 25-CV-03268-PAB-NRN, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025) ("Because the Court will grant petitioner's petition on the basis of his Zadvydas claims, . . . it need not reach petitioner's remaining claims that contest petitioner's detention.").

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition, **ECF No. [1]**, is **GRANTED**.

2. Petitioner's Opposed Motion for an Evidentiary Hearing, **ECF No. [19]**, is **DENIED AS MOOT**.

3. Respondent is directed to immediately release Petitioner on conditions of supervision pursuant to 8 U.S.C. § 1231(a)(3).

4. The Clerk of Court shall **CLOSE** this case.

5. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

Case No. 26-cv-21484-BLOOM

**DONE AND ORDERED** in Chambers at Miami, Florida, on June 8, 2026.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

Noticing INS Attorney
Email: usafls-immigration@usdoj.gov

Noting 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov